UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EDGAR R. MORALES SANTIAGO, : No. 1:12-cv-00498
:
    Plaintiff, :
:
    v. : **OPINION AND ORDER**
:
COMMISSIONER OF SOCIAL :
SECURITY, :
:
    Defendant. :

This matter is before the Court on a motion for an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1)(A) (doc. 24).[1] Counsel seek $8,800, representing less than twenty-five percent of the past-due benefits awarded to Plaintiff. In support of such an award, counsel submit an itemized statement of time spent on this matter at the district court phase (id. Exh. D), a copy of the contingent fee agreement between Plaintiff and counsel (id. Exh. A), and the April 26, 2014 original Notice of Award from the Social Security Administration as well as the October 11, 2014 amendment to the original Notice, both of which document the current monthly payment to Plaintiff in addition to the total amount of past-due

---

[1] Counsel actually filed a "Notice of Motion" advising that they "will" move, "on a date to be determined by the court, for an Order awarding attorney fees under 42 U.S.C. §406(b)(1)." Doc. 25 at 1. We interpret this "anticipatory" pleading as one seeking a decision from the Court, as soon as practicable, in the ordinary course of managing its docket.

benefits awarded for this claim (see id. Exh. B at 3 (PAGEID #: 811) & Exh. C at 2 (PAGEID #: 817), respectively)).

Fee awards in actions for disability benefits are governed by Section 406(b), which limits them to a reasonable amount not in excess of twenty-five percent of the past-due amount. Contingent fee arrangements under this section must be reviewed by courts to ensure that they are reasonable under the circumstances of the case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). A court may, for example, look to the character of the representation, the results achieved and whether the fee would represent a "windfall" for the attorney. Id. at 808. Most recently, the Sixth Circuit affirmed the decision of our colleague, Chief Judge Dlott, who rejected a fee award that would have resulted in an effective hourly rate of $733.80, in large part because said rate "grossly exceeded—indeed more than quadrupled—the standard rates applied to social security fee requests in the Southern District of Ohio." Lasley v. Comm'r of Soc. Sec., -- F.3d --, No. 14-3044, 2014 WL 5754379, at *2 (6th Cir. Nov. 4, 2014).

Having reviewed Plaintiff's counsel's motion and its attachments, the Court is persuaded, and agrees with Defendant Commissioner (see doc. 25), that the requested award is reasonable and satisfies the requirements of 42 U.S.C. § 406(b). The total amount of past-due benefits awarded to Plaintiff was

$84,820, with $21,205 withheld for the purpose of paying any approved attorney fees. Counsel seek $8,800 for 22.8 hours of work, which amounts to slightly over ten percent of the past-due award and an effective hourly rate of $386. In evaluating petitions for fee awards under the Equal Access to Justice Act, 28 U.S.C. § 2412, this Court has awarded hourly rates in the $180s[2], and, in fact, did so previously in this very matter (see doc. 23 ($180.85)). Counsel's request here obviously amounts to somewhat more than twice the rate we have been recently awarding in EAJA petitions, but that does not necessarily render it unreasonable, and we are mindful of the role that contingent fee agreements play "to assure social security claimants of good representation." See Hayes v. Sec'y of Health & Human Servs., 923 F.2d 418, 422 (6th Cir. 1991). Accordingly, the Court GRANTS the instant motion for attorney fees (doc. 24), and AWARDS $8,800 to the Law Offices of Harry J. Binder and Charles E. Binder, P.C., provided that, upon receipt of this award, the Binder Law Firm shall immediately remit to Plaintiff the

---

[2] See, e.g., Johnson v. Comm'r of Soc. Sec., No. 1:12-CV-590 (S.D. Ohio Aug. 6, 2014) ($185); McKinney v. Comm'r of Soc. Sec., No. 1:13-CV-527 (S.D. Ohio Apr. 11, 2014) ($180.00); Schott v. Comm'r of Soc. Sec., No. 1:12-CV-918 (S.D. Ohio Mar. 18, 2014) (greater than $180.00). Additionally, we note that the Sixth Circuit has pronounced rates in the low $170s to be "modest", see Glenn v. Comm'r of Soc. Sec., 763 F.3d 494, 497 n.3 (6th Cir. 2014).

$4,123.38 in fees previously awarded under the Equal Access to Justice Act.

    SO ORDERED.

Dated: November 25, 2015    <u>s/S. Arthur Spiegel</u>
                                     S. Arthur Spiegel
                                     United States Senior District Judge